UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RAYMOND CURTIS EVANS, | ) | 1:08-cv-00671 YNP DLB (HC) |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS |
| v. | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT |
| | ) | TO ENTER JUDGMENT |
| D.SMITH, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Both Petitioner and Respondent have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. 636(c)(1). (Docs. #12, 14).

**DISCUSSION**

Writ of habeas corpus relief extends to a person in custody under the authority of the United States.  See 28 U.S.C. § 2241. Writ of habeas corpus relief is available if a federal prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).   However, where a Petitioner seeks to challenge the conditions of his confinement, his claims are cognizable in a civil rights action rather than a habeas corpus action.  In the federal context, Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), provides petitioners with a remedy for violation of civil rights by federal actors. C.f., Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (challenges to conditions of confinement by state prisoners

1  should be presented in a 42 U.S.C. § 1983 civil rights action rather than a habeas corpus petition).

2       In this case, Petitioner claims the following: (1) his prison conditions are inhumane and the

3  law library is insufficient; (2) Prison officers do not exercise "due process" in dealing with prisoner

4  grievances; and (3) Petitioner's confinement in the special housing unit is not sufficient for his

5  security needs. (First Amended Pet. at 4).  All three grounds challenge the conditions of his

6  confinement, not the fact or duration of that confinement.  In Petitioner's original petition he makes

7  reference to being deprived of good time credits (Pet. at 1) and  parole release (Id. at 2), but that

8  appears to have been added merely to get the petition through the habeas door.  After reading the

9  petition in its entirety, it is clear that real complaint is the same as those stated in the First Amended

10 Petition, which is a challenge to the conditions of Petitioner's confinement.  Thus, Petitioner is not

11 entitled to habeas corpus relief, and this petition must be DISMISSED.  Should Petitioner wish to

12 pursue his claims, Petitioner must do so by way of a civil rights complaint pursuant to Bivens, 403

13 U.S. 388 (1971) and 42 U.S.C. § 1983.

14                                   **ORDER**

15      Accordingly, IT IS HEREBY ORDERED:

16      1) The Petition for Writ of Habeas Corpus is DISMISSED;

17      2) The Clerk of Court is DIRECTED to enter judgment in this matter; and

18

19      IT IS SO ORDERED.

20   **Dated:    June 18, 2009**              **/s/ Dennis L. Beck**

21                                 UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28